THE STATE, EX REL. LOUIS REEGER ET AL., RELATORS, v. JOHN WALL AND JAMES A. SMITH.

Argued June 5, 1906—Decided June 11, 1906.

Since the enactment of *Pamph. L.* 1891, *p.* 137 (*Gen. Stat.*, *p.* 2835), the duty of opening highways is placed upon the township committee instead of upon the overseers of the highways.

On application for *mandamus.*

Before Justices HENDRICKSON and PITNEY.

For the relators, *John P. Lloyd.*

VOL. XLIV. 30

The opinion of the court was delivered by

· PITNEY, J.   Upon *ex parte* affidavits a rule was made requiring the respondents, who are therein described as overseers, respectively, of certain road districts in Middlesex and Monmouth counties, to show cause why a *mandamus* should not be issued requiring them to open a certain public road in that county. Under this rule depositions have been taken, and upon these the matter comes on to be heard.

The proofs refer to the respondents as "overseers of the roads." What title they hold to this office does not appear, but they seem to have declared themselves powerless to open the road in question without order from the township committee.

In Kinmonth *v.* Township Committee of Wall Township, this day decided by this court, it is pointed out that by a supplement to the General Road law enacted in 1891 (*Pamph. L., p.* 137; *Gen. Stat., p.* 2835), the duty of opening highways is placed upon the township committee instead of upon the overseers of the highways; that the act of 1891 left the overseers of the highways without duties to perform, and that in the revision of the Township law (*Pamph. L.* 1899, *p.* 373, § 4) overseers of the highways were omitted from the list of township officers, and were not included in the officers to be elected under the requirements of the supplement to the Road law that was approved on the same day with the revision of the Township law. *Pamph. L.* 1899, *p.* 428.

The statutory office of overseers of the highways having thus been abolished, we infer from the proofs that the respondents in the present case are not properly overseers of the highways, but merely agents of the township committee, the latter being the responsible public officials charged with the duty whose enforcement is sought by the relators. It was suggested in argument that the respondents may perhaps be "road supervisors," elected under the act of February 26th, 1903. *Pamph. L., p.* 21. There is no proof that they are such; but if they are it would make no difference, for the act just referred to gives to such supervisors no inde-

pendent authority, but places them under the direction of the township committee.

If a *mandamus* is to issue, it ought to be addressed to the township committee, not to their subordinates. But it does not appear that the committee has received notice of the present application.

The rule to show cause will therefore be discharged.