ISAAC CLARK, PROSECUTOR, v. THE TOWNSHIP OF
LANDIS, RESPONDENT.

Submitted January 21, 1941—Decided April 29, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the prosecutor, *M. Joseph Greenblatt.*

For the respondent, *Solve Tuso* (*Albert J. McElroy,* of
counsel).

The opinion of the court was delivered by

PERSKIE, J. The single question for decision is the validity
of section 2 of the ordinance under review by which prosecu-
tor, the duly elected road supervisor of the respondent town-
ship, is deprived of his asserted exclusive right to select the
men to be employed in his department.

*R. S.* 40:145-10 provides as follows: "The road supervisor
elected in townships having a population of more than forty-
five hundred shall hold office for three years, and, *under the
general direction of the township committee, shall have com-
plete charge and supervision of the opening, making and
repairing of the roads and streets* controlled by the township
committee in such township. He shall receive such compensa-
tion as the township committee shall fix and determine. The
township committee in every such township where a road
supervisor shall have been elected may, by ordinance, abolish
the office of road supervisor." (Italics supplied.)

The prosecutor, Isaac Clark, is and has been the duly elected road supervisor of respondent township since 1919. Prior to prosecutor's first election, respondent had, on March 19th, 1906, passed an ordinance (number 18) which, amongst other things, provided (section 2) that "no person shall be employed to open \* \* \* or repair any street or road \* \* \* except by direction of the township committee or the proper committee thereof \* \* \*." We are told, and it is not denied, that the then road supervisor, Joseph L. Hadsell, challenged the validity of this ordinance charging the then township committeemen with evil political motives and with an attempt illegally to strip him of his powers. At all events, the docket entries in the unreported case of *Joseph L. Hadsell* v. *Township of Landis,* in this court, disclose that a rule to show cause why a writ of *certiorari* should not be granted to review ordinance number 18 was allowed; that depositions were taken and filed; and that on April 28th, 1906, the late Mr. Justice Swayze dismissed the rule to show cause without opinion.

Thereafter, oddly enough, the cumulative testimony discloses that the existence of ordinance number 18 was apparently entirely forgotten. It certainly was disregarded. Thus the prosecutor, from 1920 to 1940, administered his office without interference from the township committee in selecting, hiring and discharging the employes in his department. He directed the work of the men, rendered reports to the township committee and conferred with them on the budget. The township committee bought all supplies and equipment, directed which roads and streets should be opened or repaired and when the work should be done, controlled the number of men to be employed and made the necessary budgetary provisions.

This method of operation continued until the early part of 1940 when ordinance number 224 was introduced. This ordinance provided, *inter alia,* that no person should be employed to perform work on the streets and highways of Landis Township nor should any person be discharged from such work, except by a majority vote of the township committee. The ordinance was passed at the first reading, was

properly advertised and was given a public hearing. After the presentation of a petition protesting the passage of the ordinance and signed by either 1,075 or 1,175 persons presumably in interest, the township committee deferred action thereon.

On July 29th, 1940, prosecutor, dissatisfied with the attitude and actions of one of the employes in his department, discharged that employe and hired another man to take his place. At the very next meeting of the township committee the ordinance here under review (number 231) was introduced and finally passed on August 19th, 1940. This ordinance, in a manner similar to ordinance number 18, passed in 1906, and to ordinance number 224, deferred earlier in the year of 1940, provided, in section 2 thereof, that "No person or persons shall be hereafter employed in any capacity to perform work on the streets and highways in Landis Township except by a majority vote of the Township Committee. No person or persons now employed or hereafter to be employed on the streets and highways of Landis Township shall be discharged except by a majority vote of the Township Committee."

One of the members of the township committee, on the morning after the passage of the ordinance, ordered prosecutor to re-hire the employe he had discharged and to discharge the man whom prosecutor had hired to fill the vacancy. This prosecutor did.

Prosecutor, thereafter, on September 10th, 1940, applied for and was allowed a writ of *certiorari* to review the validity and legality of this latter ordinance (number 231).

We mark the fact that counsel for prosecutor, in his supplemental brief, points out that prosecutor does not here seek to set aside the entire ordinance. He merely seeks to set aside that portion thereof (section 2) which prohibits him from selecting the men to be employed in his department.

The gravamen of prosecutor's contention is that his unfettered exclusive right to select the men to be employed in his department is protected by the statutory provision (*R. S.* 40:145-10) which grants him, as the road supervisor, "complete charge and supervision of his department" under the general direction of the township committee.

We do not so construe the act. Such a construction reads into the act a power which the language thereof neither expressly nor impliedly justifies. The language of the act is, in our opinion, clear. The township committee is given the power of general direction as to the opening, making and repairing of its streets and roads and the road supervisor is given the complete charge of carrying out those directions. If, under its general directory power, the township committee concededly may select the kind of tools, equipment and materials, and may also fix the man power for use by its supervisor, the township committee may, if it so chooses, reserve the power of selecting the personnel of that man power. Especially is that so when, as here, the township committee unquestionably is given the power to "prescribe and define" the "duties" of its officers (*R. S.* 40:48-1(3), here the road supervisor, and additionally is expressly given the power, by the very act invoked (*R. S.* 40:145-10), to abolish the office of road supervisor. It is interesting to observe that in construing a comparable statute the late Mr. Justice Pitney pointed out, by way of *dictum,* that it "* * * gives to such (road) supervisors no independent authority, but places them under the direction of the township committee." *Reeger* v. *Wall,* 73 *N. J. L.* 465; 63 *Atl. Rep.* 863.

It is suggested that the passage of the ordinance under review was motivated by politics—evil politics. If this be so, that is a matter for which those charged with evil politics are answerable to the electors from whom they derive consent to govern. Neither personal interest, fraud, nor corruption on the part of the majority voting for the ordinance is intimated or charged. Those voting for the ordinance performed an authorized legislative function. Their motives, therefore, in voting for the ordinance cannot, under the circumstances, affect its validity. *American Grocery Co.* v. *Board of Commissioners, New Brunswick,* 124 *N. J. L.* 293, 297; 11 *Atl. Rep.* (*2d*) 599; *affirmed,* 126 *N. J. L.* 367.

Section 2 of the ordinance under review does not violate prosecutor's rights; it is valid.

Accordingly, the writ is dismissed, with costs.